UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM REEVES,

    Plaintiff,

-vs-                                                  Case No.  8:13-cv-3228-T-30AEP

DR. PROFET, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court, *sua sponte,* for review of the file. Plaintiff initiated this action by filing a civil rights complaint (Dkt. 1). On April 4, 2014, the Court dismissed the complaint, without prejudice, and directed Plaintiff to file an amended complaint on or before May 5, 2014 (see Dkt. 7). Plaintiff was cautioned that "[f]ailure to timely file an amended complaint will result in dismissal of this action without further notice." (Id. at p. 11). As of this date, Plaintiff has not filed an amended complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This case is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to timely comply with the Court's April 4, 2014 Order. The dismissal is without prejudice to Plaintiff filing a new complaint, in a new action under a new case number.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 12, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).